Good morning, your honors. May it please the court, Julia Hunter on behalf of petitioner Leobardo Jimenez-Dominguez. May I please reserve two minutes of time for rebuttal and I will do my best to manage my time accordingly. Petitioner requests this court remand his case back to the immigration court in light of the board's application of intervening law and so that petitioner may present additional evidence. Additionally, the petitioner asserts that the attorney general's decision... May I just clarify something? So you are not challenging the validity of LEA you're relying on? No, we are challenging. Yes, we are asserting that... In the reply brief, we addressed the validity of matter of LEA and claimed and asserted that it is legally erroneous because it overturns decades of agency and circuit court precedent recognizing one's family as a viable particular social group and unreasonably heightens the evidentiary burden for proving the social distinction element. So it is petitioner's position that this court should not defer to the attorney general's decision. But in general, in general, we don't address things that are raised in a reply brief and this case is a pretty good example because the government had every reason to think you were relying on it rather than challenging it and therefore did not brief the validity of the opinion. Yes, Your Honor, we we did fully address matter of LEA in our opening brief. While we might not have outrightly challenged the application of matter of LEA in the opening brief, once we got notice of the consolidated cases with regards to matter of LEA, we responded accordingly in our reply brief and the government could have filed another response brief in light of our reply and did not. Well, it couldn't. I mean, only if we let it. It doesn't have a right to. Anyway, go ahead. Right, so at the time Mr. Jimenez's case was before the immigration judge, the question of whether one's family qualified as a cognizable particular social group was not at issue. Only on appeal did the board apply the attorney general's decision in matter of LEA to find Mr. Jimenez's particular social group of his family lacked sufficient evidence of social distinction. However, Mr. Jimenez had no reason to prove up the element of social distinction before the immigration judge because the issue of whether one's family qualified had been settled law in the circuit since 1986 and 30 years after this court first recognized one's family as the prototypical particular social group, it reaffirmed its position that one's family is the quintessential particular social group. But counsel, so even applying the pre-LEA law that which you've described, the IJ found that he said that quote, the respondent has failed to demonstrate that his biological family, including himself, has been targeted for persecution. And then the board said, you know, basically agreed with that and said he hasn't established the required nexus. And only after that, in the next paragraph, did it start talking about LEA. So do you read the no-nexus finding? And if so, doesn't that mean that we don't need to get to any of these LEA issues? Your Honor, it is our position that the board did not engage in a meaningful analysis of the nexus issue. Aside from a one-off sentence, it immediately relied on the fact that petitioner on the attorney general's decision in LEA to find that the petitioner had not provided sufficient social distinction evidence. I mean, there's an evident incorporation of the IJ opinion, the page is maybe slightly off, but the intent is evident. And there's a sentence that says he has not met the required nexus. And there's a reference to the fears, his fears arise because of the perception that he'll have money. I mean, so again, it's sort of reminiscent of the last case with a somewhat difficult BIA decision, but this one's probably better than the last one in terms of being able to be reasonably read as having a nexus holding. Your Honor, it is still our position that the immigration judge and the board erred in finding a lack of nexus, that the board did not, it did not discuss the critical facts that three of petitioner's cousins were killed in a matter of six months, and that the petitioner provided credible... He said nothing that connected those very disturbing murders to the fact that they were related to each other. Did he say anything that connected those murders to each other? Aside from the family is the common element, is that in six months... Well, I mean, yes, they were related, but he didn't say anything that said that they were killed because they were related. Your Honor, I think that he actually, there was some testimony that these three cousins, I think when you have these murders in short succession, it raises the concern that your family is being targeted. When you have in six months in a small community that one after another, these individuals were killed, that raises concerns that the family is recognized, they went to the police, and that in this small community that they are being targeted as a family on account of their family. Going back to the Attorney General's decision, our position is that it is legally erroneous because according to the Attorney General, and as applied by the board, there is this new heightened standard for social distinction evidence. Even though the Attorney General's decision, the holding of the Attorney General's decision is actually quite narrow in that it only overrules the board's finding that the respondent's particular social group of his family was cognizable, it imposes this additional standard for social distinction. Under the Attorney General's new rule, only one's nuclear family will not, without more, constitute a particular social group and have to have some greater societal importance to meet the social distinction threshold. But this is not what the asylum laws were meant to only protect the families whose members are immediately recognizable, such as the Carlos Slim family or the Pena Nieto family. The asylum laws were meant to protect the most vulnerable individuals, not the most widely known. And so this heightened standard is requiring that families only be high-profile and household names is incompatible with prior precedent in this circuit's precedent. Moreover, the issue here is that these blanket statements casting doubt on family-based claims is inconsistent with the Attorney General's own directive that a particular social group must be evaluated on a case-by-case basis, and there is risk, as in other cases, that the board would misapply the Attorney General's blanketly foreclosed family-based claims solely on account of the fact that they are claiming asylum based on their family. And this is an improper application, and it is inconsistent with the Attorney General's own statements in his decision, but the risk is there, that this will be misapplied. And this court needs to clarify and reaffirm its prior holdings, recognizing the particular social group. Your Honor, I would like to... Doesn't the Attorney General get some degree of deference in interpreting here? Yes, Your Honor. The Attorney General's decision does typically receive a Chevron deference when interpreting an ambiguous phrase. However, in this case, our position is that the Attorney General's interpretation of a particular social group as it pertains to families is unreasonable. It specifically limits a subsect of particular social groups by redefining the social distinction requirements. Your Honor, I'd like to reserve the rest of my time. Thank you. Mr. Hamilton. Thank you, Judge. And may it please the Court, Gene Hamilton on behalf of the Attorney General of the United States. As this Court's already noted, as with the previous case and with this case, really what's at issue in this particular case is the issue of nexus, which is a critical component of any claim for asylum or withholding. Simply, if there's no nexus, there's no viable claim. And there's nothing in the record below in this case that compels the conclusion that the agency's finding below regarding the lack of a nexus as to either the petitioner's proffered particular social groups is erroneous or that any reasonable fact finder would be compelled to find anything to the contrary. This case does not involve the meaning of the Attorney General's decision in LEA. It doesn't turn on that. It's not an issue whatsoever. The immigration judge below, and as articulated and further found by the Board, as this Court has already pointed out, the decision as to his claims for withholding of removal turned entirely on the lack of nexus. He offered no evidence to show that his family... It wasn't entirely. I mean, the Board, you know, I guess right after LEA went a little overboard in citing LEA on the merits, which it did here. It says that her respondent has made no showing under LEA. It seems to me that she is right, that if LEA was the reason for the denial here, there would have to be a remand because the person made no showing because it wasn't the law at the time. So why was the Board saying that? Thank you for that point, Judge Berzon. I think that you have to read that statement in context with the prior paragraph, which I believe this Court already addressed with the Petitioner's Counsel, which is that the overarching leading sentence here says that the respondent is not eligible for withholding as he has not established the required nexus to an enumerated ground. Everything else that follows that is evidence in support of that lead point. But that sentence is ambiguous because he hasn't established the required nexus or he hasn't established the nexus to an enumerated ground because we don't think family is one of the enumerated grounds, right? So how do we choose between those interpretations? Well, thank you, Judge Miller. I think that the issue here is that there is a lack of a nexus whatsoever. The definition of his individual particular social group is really not an issue in this particular case. It's not as though the immigration judge below found that there was a cognizable particular social group. And in fact, the immigration judge's decision is a little bit, could be worded better, it's a little bit ambiguous, but this is on page 69 of the administrative record. The immigration judge says, the court finds that the respondent's claimed particular social group fails, comma, and it proceeds to describe some other things. And so this is not a situation where the judge had upheld or found that he was a member of a cognizable particular social group and that on appeal, then the board rendered some kind of decision to the contrary. What this case was at the immigration judge level and at the board level really turned on the lack of a nexus. There's no connection between the murders of his three cousins in 2010, the threats that his mother and the rest of the family received from an intoxicated man in 2013 on two times, or any of the existing property disputes that were purportedly ongoing in this particular case. There's just simply no factual evidence proffered by the petitioner in this case whatsoever. There's nothing that would lead one to conclude on the basis of any of those claims that the petitioner was targeted or that he would be targeted on account of any particular protected ground because there's just simply nothing there. In the previous case, your colleague from the Department of Justice said that if all we had in the board's order were an LEA analysis, that we would need to remand because they didn't have any of the facts that are relevant under LEA. Do you take the same position in this case? Thank you, Judge Miller. No, I don't as applied to this particular case because as applied to LEA in this case, the board is simply noting that the petitioner failed to offer anything to show that his individual family was socially distinct. But he goes on to explain that he's made no such showing. Rather, he testified that he hears an individual named Cayetano because he would be returning from the United States and perceived to have money. I do not understand that to be Judge Miller's question, but I understand to be Judge Miller's question. You're saying, no, because there was a nexus ruling. But what I understand Judge Miller to be asking, or at least what I'm asking, is if something turned on the application of LEA in this case, as at least there's some appearance that maybe it does, then would there have to be a remand? In other words, if the nexus, we don't read the board decision as independently standing on the nexus termination, but instead as standing on LEA plus nexus together or just LEA, then does there have to be a remand because there was no such requirement at the time of the hearing and although the board says that there were no facts supporting it, what your opponent called the heightened social distinction requirement, there was no such requirement at the time, so would there have to be a remand as in the other case? In other words, if we thought the LEA ruling was in some sense just positive, would there have to be a remand? Thank you, Judge Burzon. Judge Burzon, I don't believe that this case turns on LEA in any way, shape, or form. I know, but that's what I'm asking you. A hypothetical is hypothetical. Here's my hypothetical question. If we thought otherwise, and we thought it did in some sense turn on LEA, would there have to be a remand? No, Judge. I don't think that there would have to be remand on this case if it turned on LEA, and that's because if you look at the immigration judge's decision below, he noted, although it's not as clear as it could be, that his proper 69 of the administrative record. This is in the last full paragraph of that page. Under these circumstances, the respondent has failed to demonstrate that his biological family, including himself, has been targeted for persecution, not because it's not a particular social group. A particular social group fails because it hasn't been targeted for persecution. That's what he said. Well, Judge, I think it's the next sentence. The court finds that the social group fails. I don't think that there was any acknowledgment that there was any... He says that, but where in the IJA opinion is the analysis that would support that statement? Well, Judge, I think that taken as a whole, when you look at the rest of it, this was an oral decision that was issued from the bench, from the immigration judge, after reciting all of the proffered claims of persecution, all of the evidence that was offered by the petitioner in this case, the immigration judge rendered a decision from the bench to the best of his ability. Pre-LEA, though? Pre-LEA, correct, Judge. That's an important note, is that this would have it before the Board of Immigration Appeals, and it was certainly before the Attorney General's decision in LEA 2. What was LEA 1, by the way? It was some intermediary step where they said you... What did it say? Judge, and I'm sorry, I'm having a little hard time... What did LEA 1 say? Well, Judge, LEA 1, in that particular case, had found, recognized as cognizable, a particular petitioner's proffered particular social group. It further held, though, that he had failed to demonstrate persecution on account of his membership in that particular social group. And that's why LEA was such a weird decision, because he'd already been held not to have a nexus, and then he went on to decide that there was no social group. They sort of did what we were being asked by the petitioner's jury to do, but it seemed like an odd thing to do. In that case, as well as these cases, when the case is already decided on a different ground. Anyway, go ahead. Judge, if there are no further questions, we just ask this Court to deny the petitioner's petition for review, as he hasn't satisfied his burden of establishing eligibility for notice to appear or squarely foreclosed by this Court's precedent and precedent of the Board of Immigration Appeals. Thank you. Thank you very much. Ms. Hunter. Your Honor, the immigration judge's finding on the cognizability of the petitioner's family group, particular social group, is ambiguous, if you were to read it from the decision. And there, as Judge Bress noted, there is no analysis as to whether his particular social group of his family was cognizable, because at that time, it was settled law in this circuit that one's family was a cognizable particular social group. And so Mr. Jimenez had no incentive and no motive to prove up these additional elements. In fact, nowhere in the IJ's decision does he even claim, oh, the family would not be a particular social group. And this sentence that the particular social group fails, that the government is seizing onto, is actually just referring to the nexus ground. It is a reasonable interpretation of the immigration judge's decision, saying that the particular social group fails as in the claim regarding harm on account of a particular social group. Not that one's family is not a cognizable particular social group. Moreover, the petitioner would like to reassert its position that the Attorney General's decision is flawed in that it, A, ignores circuit court precedent. It unreasonably heightens the standard with regards to a subsect of particular social groups. I'm sorry. Go ahead. What was your number two? And that it heightens the standard for a subsect of particular social groups, essentially delineating and making a higher standard for family-based claims as opposed to other cognizable particular social groups that this circuit has found in the past. And that is impermissible. It's an unreasonable interpretation of what a particular social group means to essentially heighten the standard for social distinction with families as opposed to all particular social groups. Okay. Your time is up. So thank you both very much.
judges: Berzon, Miller, Bress